**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| B.G.S., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 7:26-CV-142 (WLS-CHW) |
| | : | |
| Warden, IRWIN DETENTION | : | |
| CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |
| | : | |

## ORDER

Before the Court are Petitioner's Motion to Enforce Habeas Corpus Order ("Motion to Enforce") (Doc. 6), and Petitioner's Amended Motion to Enforce Habeas Corpus Order ("Amended Motion") (Doc. 7). In the Motions, Petitioner moves the Court to enforce its previous Order (Doc. 4) ("Bond Hearing Order") which granted Petitioner's Habeas Petition (Doc. 1) to the extent the Court ordered Respondents to provide Petitioner with a bond hearing. Petitioner contends that Respondents violated the Court's Order by (1) failing to follow the Court's directive that the Department of Homeland Security bear the burden of proving that Petitioner is either a danger or a flight risk, (Doc. 6 at 7–8), and (2) failing to meaningfully engage with material evidence on those issues. (Doc. 7-1 at 5). For the reasons discussed below, the Motions are **DENIED**.

## I.    PROCEDURAL BACKGROUND

Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241 on May 4, 2026, challenging the constitutionality of her detention based on Respondents' failure to provide her with a bond hearing and the opportunity for pre-removal release. On May 5, 2026, Petitioner filed an Emergency Motion for Temporary Restraining Order (Doc. 2), in which she sought a temporary restraining order granting her immediate release from Respondents' custody, or in the alternative, an order requiring Respondents to provide her with a pre-deprivation bond hearing within fourteen days. Petitioner further sought to

1

enjoin Respondents from transferring her out of this District or deporting her during the pendency of the underlying proceedings.

On May 5, the Court entered the Bond Hearing Order granting, in part, Petitioner's Petition, finding that she was detained under 8 U.S.C. § 1226(a) and therefore not subject to mandatory detention under § 1225.[1] The Court ordered Respondents to provide Petitioner with a bond hearing to determine if she may be released on bond under § 1226(a)(2) and the applicable regulations within seven days of the entry of the Order. The Court further directed that, to comport with the requirements of due process, the Department of Homeland Security (DHS) "shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk." (Doc. 4 at 2 (citing *J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020))).

On May 21, 2026, Petitioner filed the Motion to Enforce, seeking enforcement of the Bond Hearing Order. Respondents did not file a response by the twenty-one-day deadline prescribed by the Local Rules. Then, on June 25, 2026, Petitioner filed the Amended Motion to Enforce, asserting the same arguments in the original Motion.[2] Thus, in the absence of a timely filed response, the Motions are ripe for ruling.

## II.   FACTUAL BACKGROUND

Petitioner is a twenty-one-year-old native and citizen of Peru. (Doc. 1 ¶ 2). She entered the United States in November of 2022 as a minor child. (*Id.*); (Doc. 7-1 at 4). Petitioner was included as a minor derivative on her parent's Form I-589, Application for Asylum and Withholding of Removal and subsequently filed her own Form I-589, Application for Asylum and Withholding of Removal on March 3, 2026. (Doc. 7-1 at 2). On May 21, 2026, the Immigration Court denied Petitioner's application, and she filed an appeal which remains pending. (*Id.* at 2–3).

---

[1] After granting the Petition, the Court entered a second Order (Doc. 5) denying as moot Petitioner's Motion for Temporary Restraining Order (Doc. 2).

[2] The Court notes that a Notice of Deficiency was entered by the Clerk on June 26, 2026, instructing Petitioner to refile the Amended Motion to comply with the Court's Local Rules regarding exhibit attachments and page limitations. Because the Court denies the Motion and Amended Motion, Petitioner need not refile the Amended Motion in this instance. Petitioner is, however, reminded of her obligation to comply with the Local Rules in all future filings.

Prior to her arrest, Petitioner resided with her mother, brother, aunt and U.S. citizen uncle, and their children, where she worked, attended school, and paid her taxes. (*Id.* at 4–5). In April of 2026, Petitioner was arrested for the misdemeanor offense of driving under the influence under the age of twenty-one, in violation of Georgia law. (*Id.* at 4). After her arrest for this offense, she was detained by Immigration and Customs Enforcement (ICE) custody and transferred to the Irwin County Detention Center in Ocilla, Georgia. (*Id.*); (Doc. 1 ¶ 11).

After the Court entered the Bond Hearing Order, Respondents scheduled a bond hearing before Immigration Judge Ward (IJ Ward) for May 11, 2026. (Doc. 7-1 at 3). On May 6, 2026, Petitioner was transferred from the Irwin County Detention Center to the South Louisiana ICE Processing Center. (Doc. 7 at 2). On the day of the hearing, there was some confusion amongst officials at the facility regarding whether Petitioner had a scheduled hearing. (Doc. 7-1 at 3–4). As a result, Petitioner was not present for the virtual hearing which took place at 3:30 P.M. (*Id.* at 4). Petitioner's Counsel chose to go forward with the hearing, despite Petitioner's absence. (*Id.*)

At the May 11, 2026 hearing, the Department of Homeland Security (DHS) presented a Form I-213, Record of Deportable/Inadmissible Alien, which listed Petitioner's DUI arrest. (Doc. 7 at 3). Petitioner presented evidence of her family and community ties, her record of attending school, working, and paying taxes, her compliance with immigration court obligations, and support from family, friends, and teachers. (*Id.* at 5–6).

In an oral decision, IJ Ward denied bond, finding that Petitioner was a danger to the community based on her DUI arrest. (Doc. 7-1 at 5). IJ Ward initially placed the burden on Petitioner to prove that she was not a danger to the community but was reminded by Counsel for DHS that it bore the burden of proving danger. (*Id.*) IJ Ward then amended his decision, finding that DHS had met its burden of showing danger to the community based on Form I-213 that listed Petitioner's DUI infraction. (*Id.*)

## III.   **PRELIMINARY ISSUES**

### A.  **Habeas Corpus Legal Standard**

"[T]he writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). 28 U.S.C. § 2241 confers upon district courts the power to grant writs of habeas corpus to

prisoners "in custody in violation of the Constitution or laws or treaties of the United States." This power extends to challenges brought by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 605 U.S. 91 (2025).

### B. Jurisdiction

Under 8 U.S.C. § 1226(e), the Court is prohibited from reviewing IJ Ward's bond decision. Specifically, "§ 1226(e) precludes an alien from 'challeng[ing] a "discretionary judgment" by the Attorney General or a "decision" that the Attorney General has made regarding his detention or release.'" *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003)). However, this express preclusion is cabined in the immediate next sentence in *Jennings*, "§ 1226(e) does not preclude 'challenges [to] the statutory framework that permits [the alien's] detention without bail.'" *Id.* (quoting *Denmore*, 538 U.S. at 517). Indeed, where detainees challenged "the constitutionality of the entire statutory scheme under the Fifth Amendment," § 1226(e) did not preclude their claims. *Id.* Here, Petitioner alleges IJ Ward violated her due process rights and this Court's Bond Hearing Order by putting the burden of proof of her rather than DHS.

Further, on the jurisdictional issue, "[c]ourts have the inherent power to enforce compliance with their lawful orders[.]" *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). The Court ordered Respondents to "provide Petitioner with a bond hearing . . . under § 1226(a)(2) and the applicable regulations." (Doc. 4 at 2). In so ordering, the Court expected Respondents would hold a bond hearing that comports with due process, "including the requirement that the Department of Homeland Security shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk." (*Id.*) Because Petitioner alleges that Respondents did not, the Court has jurisdiction to review these allegations and enforce its Order as needed.

## IV.   **DISCUSSION**

The only issue raised by Petitioner over which this Court has jurisdiction to review is whether IJ Ward properly placed the burden of proof on DHS rather than Petitioner. Absent IJ Ward's initial mistake in placing the burden of proof on Petitioner during the pronouncement of his decision, it is clear that Petitioner is asking this Court to review IJ Ward's decision on the merits. Her arguments that IJ Ward (1) failed to address any less

4

restrictive alternatives to detention, (Doc. 7-1 at 16), (2) failed to "explain why [the DUI] charge rendered [Petitioner] a danger[,]" (*id.* at 17), and (3) failed to evaluate potential sponsors, in accordance with Board of Immigration Appeals (BIA) precedent, (*id.* at 18–19), are clearly questions within IJ Ward's discretion and outside this Court's jurisdiction. If Petitioner disagrees with how IJ Ward weighed the evidence, considered bond alternatives, or engaged with BIA precedent, Petitioner's avenue for relief was to appeal the decision to the BIA.

DHS's counsel reminded IJ Ward that DHS has the burden of proof by clear and convincing evidence during the bond hearing, and IJ Ward's oral ruling acknowledged that DHS had met its burden based specifically on Petitioner's arrest for driving under the influence. Therefore, the Court finds that the bond hearing complied with the requirements of the Bond Hearing Order and properly placed the burden of proof on DHS to prove by clear and convincing evidence that Petitioner was a danger to the community. Accordingly, Petitioner's Motion to Enforce (Doc. 6) and Amended Motion (Doc. 7) are **DENIED**.

**SO ORDERED**, this 29th day of June 2026.

<u>**/s/ W. Louis Sands**</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**